J-S29012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL LEN SCHAFFER | |
| Appellant | No. 1160 WDA 2014 |

Appeal from the Order April 25, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000569-2000

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 10, 2015**

Appellant, Paul Len Schaffer, appeals *pro se* from the order entered April 25, 2014, in the Court of Common Pleas of Jefferson County, which denied his Motion for Discovery of DNA-Related Biological Evidence.  We affirm.  We also summarily deny his Motion to Dismiss Indictment/Complaint Based on Failure to Timely Indict filed in this Court, as it is patently frivolous.

As we write exclusively for the parties, who are familiar with the history of this appeal, we provide only so much of the facts and protracted procedural history as is necessary to our analysis. Schaffer is serving an aggregate sentence of 26-52 years' imprisonment, imposed following his

_____

[*] Retired Senior Judge assigned to the Superior Court.

conviction for rape, statutory sexual assault, and related charges. He was sentenced on June 5, 2002, at which time he was also determined to be a Sexually Violent Predator (SVP). On appeal, this Court affirmed Schaffer's judgment of sentence, and our Supreme Court subsequently denied his petition for allowance of appeal on August 31, 2006. *Commonwealth v. P.L.S.*, 894 A.2d 120 (Pa. Super. 2006), *appeal denied*, 906 A.2d 542 (Pa. 2006). Schaffer later unsuccessfully sought both PCRA[1] relief and review in the federal courts.

Of relevance to the instant appeal, on April 25, 2014, Schaffer filed a Motion for Discovery of DNA-Related Biological Evidence. The trial court summarily denied Schaffer's motion that same day, and Schaffer filed a timely appeal. On August 22, 2014, the trial court entered an order directing Schaffer to file a Pa.R.A.P. Rule 1925(b) concise statement of errors complained of on appeal within 21 days. Thereafter, on December 17, 2014, the trial court entered an order noting that as Schaffer had declined to file a Rule 1925(b) statement, no further response on its part was warranted.

Schaffer now raises eight issues for our review—only one of which purports to address the order underlying the instant appeal. We note, however, that Schaffer's failure to file a Rule 1925(b) statement results in

_____

[1] Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq*.

- 2 -

the waiver of the issues now raised on appeal. "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). As Schaffer did not file a Rule 1925(b) statement preserving the issues now raised in his appellate brief, we are constrained to find these claims waived on appeal.[2] *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming bright-line rule of *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), requiring appellants to comply with trial court order for Rule 1925(b) statement).

We recently reiterated the "automatic nature" of the waiver of issues for failure to comply with Rule 1925(b) and that "we are required to address the issue once it comes to our attention." *Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*). In *Presque Isle Downs*, the *en banc* panel examined Pennsylvania Supreme Court cases construing Rule 1925(b) and noted that "our Supreme Court does not countenance anything less than stringent application of waiver pursuant" to that rule. *Id*. (citation omitted).

Order affirmed. Motion to Dismiss Indictment/Complaint Based on Failure to Timely Indict is denied.

_____

[2] As Schaffer filed the instant appeal pro se, he does not benefit from the automatic remand provided in Pa.R.A.P. 1925(c)(3) when counsel fails to file a timely Rule 1925(b) statement.

Judge Strassburger joins the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/10/2015